Alva Lee EMBRY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12418.

Criminal Court of Appeals of Oklahoma.

April 17, 1957.

**618**

Alva Lee Embry, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Alva Lee Embry, plaintiff in error, hereinafter referred to as defendant, in case No. 5483 in the district court of Pottawatomie County, on October 10, 1956, where he was charged with the crime of injuring water pipes and appurtenances, second offense, after conviction of a felony, entered a plea of guilty, and was by the court sentenced to confinement in the state penitentiary for a period of thirty months. At the same time defendant entered his plea of guilty in case No. 5482 in the same court, the nature of the crime not being disclosed, and was sentenced to the state penitentiary for a period of one year and

to pay a fine of $100. The two sentences were ordered to run concurrently.

Under date of December 3, 1956, defendant filed herein his petition in error, and also application for a transcript of the proceedings in case No. 5483 from the district court of Pottawatomie County, and thereafter on order of this court said transcript was prepared at the expense of the State and duly filed and attached to said petition in error, and we have carefully examined all the instruments involved. This being an appeal pro se, we have disregarded all technicalities.

Defendant in the prayer to his petition asks "that judgment and sentence may be modified to a judgment and sentence consistent with the charge and for such other relief as may seem just and proper." And as basis for the relief sought, advances two propositions:

"(1) The judgment and sentence relative to the charge is cruel and excessive and not warranted by the circumstances, the charge being that one washing ·bowl and one comode was destroyed by your petitioner while under the influence of intoxicants and was completely unaware of the fact that he was destroying valuable property.

"(2) The prosecution informed your petitioner that a defense counsel to act in his behalf would just be an additional expense, and if your petitioner fought the charge he, the prosecutor, would see that your petitioner would receive not less than ten (10) years. Your petitioner being illiterate and hardly able to write his own name was duly impressed and never pressed his effort for a defense counsel any further."

22 O.S.1951 § 1051 provides:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right from any judgment against him; and upon appeal, any decision of the court, or in-

termediate order made in the progress of the case may be reviewed."

■ In Hardy v. State, 35 Okl.Cr. 75, 77, 248 P. 846, 847, this court, through Edwards, J., said:

"Whether or not the plea was voluntary, and the accused of competent intelligence and understanding to enter his plea, or his knowledge of his legal rights and the nature and consequences of his plea, the sufficiency of the indictment or information to confer jurisdiction, or the legality of the sentence, in such case are the only questions raised by an appeal from a judgment entered on a plea of guilty."

■ The within appeal of course is by transcript and not case-made. Ordinarily no evidence is heard on a plea of guilty other than the recommendation from the county attorney as to penalty to be assessed; if and when the court requests such recommendation. From a consideration of the information and record proper it was not charged that defendant destroyed state property while intoxicated. But the question of intoxication in no event would be material in that by 21 O.S.1951 § 153 it is provided:

"No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition."

See Huffman v. State, 24 Okl.Cr. 292, 217 P. 1070; Mott v. State, 94 Okl.Cr. 145, 232 P.2d 166; Myers v. State, 83 Okl.Cr. 177, 174 P.2d 395.

Apparently the within prosecution was predicated on 21 O.S.1951 § 1786, the pertinent portion so far as relating to the charge here involved reading:

"Every person who wilfully breaks, digs up or obstructs any pipes or mains for conducting gas or water, or any works erected for supplying buildings with gas or water, or any appurtenances or appendages therewith connected * * * is punishable by imprisonment in the penitentiary not exceeding three years, or in the county

jail not exceeding one year, and by fine of not more than five hundred dollars."

21 O.S.1951 § 51 provides:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows: * * *

"2. If the subsequent offense is such that, upon a first conviction the offender would be punishable by imprisonment in the penitentiary for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding ten years."

It is disclosed, then, that though the court might have assessed a penalty of ten years imprisonment in the within case, the penalty of thirty months actually assessed was within that which might have been assessed had the defendant not been charged under the habitual criminal act.

■ The pertinent paragraph of the information with respect to the water pipes and appurtenances reads:

"* * * Alva Embry then and there being, did then and there unlawfully, knowingly, wilfully, intentionally, wrongfully, and feloniously commit the crime of injuring water pipes and appurtenances, second offense, after conviction of a felony, in that the said Alva Embry did wilfully, intentionally, knowingly, wrongfully and feloniously break and injure certain water pipes used for conducting water and supplying water for certain building, namely, the Pottawatomie County Court House, situate in Shawnee, Oklahoma, and did wilfully, intentionally, knowingly, wrongfully and feloniously break and injure certain appurtenances and appendages therewith connected, namely one toilet stool and one lavatory, said pipes, stool and lavatory being located in a certain jail cell of the Sheriff's Office in the Pottawato-

mie County Court House located in Shawnee, Oklahoma, and said pipes, stool and lavatory being the property of Pottawatomie County of the State of Oklahoma, * * * ".

We think the information was sufficient to charge the crime set forth in the heretofore quoted statute.

The matter of the wanton and wilfull destruction of public property is a serious problem. To condone such acts by a token penalty can but encourage such conduct, and a deterrent effect could not be expected. There is no basis for disturbance of the penalty interposed, which, as noted, runs concurrently with another case where defendant entered a plea of guilty.

■ The contention of defendant that he waived counsel and plead guilty only because the prosecuting attorney admonished him that on a trial he would receive not less than ten years imprisonment, and that he being barely able to write his name caused him not to press for counsel, does not impress us in view of the record which shows that defendant had served in the penitentiary prior to the within case for conviction of another crime, and he does not allege that he was a minor of tender age or was mentally defective.

■ From the record it is apparent that the defendant might, on trial in the two cases where he was charged, have received substantial sentences in each case where the sentences might not have been ordered to run concurrently, and where defendant might have been sentenced for terms substantially in excess of the sentence imposed.

Judgment and sentence affirmed.

BRETT, P. J., and NIX, J., concur.