James Franklin SMITH, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15060.

Court of Criminal Appeals of Oklahoma.

Nov. 19, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, James Franklin Smith, hereinafter referred to as defendant, was charged by information in the District Court Oklahoma County, Oklahoma, Case No. 34106, with the crime of Robbery with Firearms, After Former Conviction of a Felony; and, Case No. 34663, Carrying a Concealed Weapon, After Former Conviction of a Felony. On October 11, 1968, the defendant, while represented by court-appointed counsel, Mr. T. Hurley Jordan, withdrew his plea of not guilty and entered a plea of guilty to each charge. On the same date, the court entered judgment and sentence assessing defendant's punishment at ten years imprisonment on each charge, with the sentences to run concurrently. From these judgments and sentences defendant has perfected an appeal to this Court, by his court-appointed counsel, Mr. Don Anderson.

An accused has the right to appeal his conviction even if it results from a plea of guilty. The applicable rule of law regarding appellate review on a plea of guilty stated by this Court in Embry v. State, Okl.Cr., 310 P.2d 617 (1957):

> "Where an appeal is taken by an accused from a judgment entered upon a plea of guilty, the appeal will ordinarily present only such questions as go to the free and voluntary character of the plea, or that accused was not of competent intelligence, or was not advised of his legal rights and of the nature and consequences of his plea, or as to the sufficiency of the indictment or information to confer jurisdiction, or the legality of the sentence."

We have carefully reviewed the record and we find that the instant case satisfies the requirements set out in Embry v. State, supra. The sentencing judge fully advised defendant of his rights, including his right to a trial by jury, to call witnesses, the effect of his plea, and the minimum and maximum sentence which could be imposed on his plea of guilty. We conclude that the defendant voluntarily and understandingly entered a plea of guilty.

We further find that the sentences imposed are not excessive and are within the limits as provided by law and as explained to the defendant. Title 21 O.S.1961, § 801; 21 O.S.1961, § 1284; and 21 O.S. Supp.1969, § 51.

Therefore, having carefully considered the record, we conclude that the trial court had jurisdiction to impose the judgment and sentences, that there is no reversible error in the proceedings, and that the sentence is proper and within the limits provided by law.

Judgment and sentences affirmed.

BRETT, P. J., and BUSSEY, J., concur.