Stephen Michael **BERRY**,
Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15287.

Court of Criminal Appeals of Oklahoma.
April 1, 1970.

Jay Dalton, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Stephen Michael Berry, hereinafter referred to as defendant, entered his pleas of guilty in the District Court of Tulsa County, to the crime of Burglary in the Second Degree After Former Conviction of a Felony, Cases No. 23610 and 23628, was sentenced to serve an indeterminate sentence of not less than twenty nor more than sixty years imprisonment in the state penitentiary, said sentences to run concurrently, and appeals.

The transcript clearly shows that the defendant voluntarily entered his pleas of guilty with full knowledge that he would probably receive the sentence which was imposed. At pages 4–5 of the transcript the following appears:

"THE COURT: And do you understand that Second Degree Burglary After Former Conviction of a Felony carries a minimum of ten and a maximum of any number of years?

THE DEFENDANT: I understand that very clearly, Your Honor.

THE COURT: And your counsel and the District Attorney have been in conference concerning a recommendation in this case, and I would inform you that the Court is not bound to accept the recommendation, but since the Court has been aware that there has been a conference in that regard, that I would state into the record that in the event that the Court would not accept that recommendation I would permit you to withdraw your plea of guilty.

Now, the recommendation that has been communicated to you by your counsel that the State will make in this case is a rather severe sentence.

THE DEFENDANT: I'm aware of that.

THE COURT: And do you understand that by entering a plea of guilty to the charge and being satisfied with your counsel, and having knowledge before you entered the plea of guilty of what the recommended sentence would be, that it would be extremely difficult for you to have this sentence set aside by any Appellate Court?

THE DEFENDANT: I'm aware of that, Your Honor."

At the time of entering his pleas of guilty, the defendant was represented by counsel of his own choice; however, this appeal was lodged by the Public Defender and the transcript prepared at public expense.

From the record it appears that the defendant knowingly and intelligently entered pleas of guilty, after consulting with private counsel of his own choice and while being represented by the same with full knowledge of the nature and consequence of said pleas and knowing the punishment which would be recommended by the State. It further appears that he never sought to withdraw his pleas of guilty or urged that he had any valid defense. It further appears that the court had jurisdiction of the person, subject matter and authority under law to pronounce the judgments and sentences imposed. Under such circumstances we are of the opinion that the judgments and sentences appealed from should be, and the same are hereby, affirmed.

TOM BRETT, P. J., and NIX, J., concur.