**Jacky Dwight ALBRIGHT, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15832.**

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1972.

Appeal from the District Court of Oklahoma County; William S. Myers, Jr., Judge.

Don Anderson, Public Defender, Oklahoma, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Plaintiff in Error, Jacky Dwight Albright, hereafter referred to as defendant, plead guilty to two charges in the District Court of Oklahoma County on September 2, 1969. In case no. CRF–69–1867, defendant was charged with the offense of Possession of Marihuana; in CRF–69–1868, defendant was charged with the offense of Possession of Narcotic Drugs, to-wit: Morphine and Dilaudide. At the time defendant entered his plea, Mr. Carroll Samara was his privately retained counsel; but he was permitted to withdraw as counsel and this appeal was perfected by the Public Defender for Oklahoma County, after defendant was found to be an indigent person, at the time judgment and sentence was imposed. Prior to the imposition of judgment and sentence, the trial judge obtained a pre-sentence report on the defendant; and on January 13, 1970, defendant was sentenced to serve one-year in the State Penitentiary on each charge, with the provision that the sentences were to run concurrently. Thereafter, this appeal was lodged in this Court.

None of the facts surrounding these charges are contained in the record. The record sufficiently shows that the trial judge properly advised the defendant of his constitutional rights and particularly his right to a jury trial, which defendant appears to have knowingly and intelligently waived, with advice of counsel. After in-

terrogating the defendant with reference to the voluntariness of his pleas of guilty, the trial judge accepted defendant's pleas and set imposition of judgments and sentencings to be had January 9, 1970, which was reset for January 13, 1970.

After carefully reviewing the record and briefs submitted with this appeal, we find that defendant has failed to sustain the burden of showing that his pleas were entered through inadvertence, ignorance, or undue influence, or without deliberation; and he fails to show that he has a defense to the charges that should be presented to the jury. This Court has long held, where a trial court had jurisdiction of the person, subject matter and authority under law to pronounce the judgment and sentence imposed, and it affirmatively appears that defendant knowingly and intelligently entered his plea of guilty after conferring with counsel of his own choice, with full knowledge of the nature and consequences of such plea, the judgment and sentence will be affirmed. See Berry v. State, Okl.Cr., 467 P.2d 528 (1970), and Smith v. State, Okl.Cr., 462 P.2d 289 (1969).

We are therefore of the opinion that the two judgments and sentences imposed upon defendant herein should be, and the same are, therefore affirmed.

BUSSEY, P. J., and SIMMS, J., concur.