Charles Frank TAHSEQUAH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. C–79–46.

Court of Criminal Appeals of Oklahoma.

Oct. 31, 1979.

F. Browning Pipestem, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Jim Wilcoxen, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Charles Frank Tahsequah; hereinafter referred to as the defendant, was charged by information in Case No. CRF–78–464, with three counts of First Degree Manslaughter, pursuant to 21 O.S. 1971, § 711, in the District Court, Comanche County. Immediately prior to trial, the defendant, while represented by retained counsel, entered a plea of guilty to one count of First Degree Manslaughter, whereupon the second and third counts were dismissed. Thereafter, defendant was sentenced by the court to serve a term of twenty-five (25) years in the custody of the State Department of Corrections. Defendant made a timely application to withdraw his plea of guilty, which was denied, and then filed this petition for a writ of certiorari with this Court.

At the preliminary hearing, the State produced evidence that on April 22, 1978, defendant began drinking beer at about 11:00 a. m. At around 7:00 p. m. on the day in question, while driving his automobile in a westerly direction, five to ten miles over the speed limit on a county road about two miles west of Porter Hill in Comanche County, the defendant crossed the center line and collided with an eastbound automobile. The eastbound vehicle was driven by Rick Bray and occupied by his wife, Loretta H. Bray, Shelleta Bray, his daughter, and Shane and Peter Bray, his two sons.

Almost immediately, the accident was reported to the Comanche County Sheriff, who in turn reported the incident to the Oklahoma Highway Patrol. Trooper Robert Hill of the Oklahoma Highway Patrol, arrived at the scene at approximately 7:15 p. m., set out flares, gave first aid, and began his investigation of the accident.

All accident victims, including the defendant, were transported to a hospital in Lawton, Oklahoma. At 8:50 p. m., the defendant was formally placed under arrest for the offense of Driving Under the Influence of Intoxicating Liquor. The defendant was advised of his *Miranda* rights and advised of his rights with respect to a chemical test for determining the alcoholic content of his blood. The defendant consented to a breathalyzer test, which was administered at 9:15 p. m. and showed 0.21% blood alcohol. After this test, the defendant's statement was taken and it was revealed to him that Mrs. Bray, Shelleta and Peter had died as a result of the injuries sustained in the accident. The defendant was then transported to the Comanche County jail and booked on charges of Driving Under the Influence, Transporting an Open Container, and Manslaughter in the First Degree.

The defendant's first assignment of error is that 47 O.S.1971, § 11–903, the vehicular or negligent homicide statute, repealed by implication the applicability of 21 O.S.1971, § 711, the first degree manslaughter statute, in cases such as this one. The defendant acknowledges that this Court recently considered this same contention and rejected it. *Lomahaitewa v. State*, Okl.Cr., 581 P.2d 43 (1978). That case correctly reflects this Court's understanding of, and decision on, this issue, and we find the defendant's first assignment of error is without merit.

In his second assignment of error, the defendant contends the trial court abused its discretion by not permitting the defendant to withdraw his plea of guilty. He argues that the proximate cause of the accident was not driving under the influence but was, rather, the defendant's operation of his vehicle in violation of this State's highway safety code, namely crossing over the center line into the oncoming lane of traffic. Then it follows, according to the defendant, the proximate cause element of first degree manslaughter was absent, and the trial court had no jurisdiction to impose a sentence for this crime.

■ We find no merit to this jurisdictional argument. The elements of proof required to sustain a conviction for First Degree Manslaughter due to driving while intoxicated were set forth by this Court in *Ritchie v. Raines*, Okl.Cr., 374 P.2d 772 (1962). Those elements are:

1. That a person is operating a motor vehicle upon a public highway or thoroughfare, and

2. That while so operating the motor vehicle he is under the influence of intoxicants to such an extent that he is "incapable of safely driving a motor vehicle" and to this misdemeanor is added the following elements:

3. That a person die within one year and one day, and

4. That the death was the direct and proximate result of the operation of a motor vehicle.

■ We find there was prima facie evidence of each element of proof. It is apparent from the record that the deaths herein were the direct and proximate result of the operation of a motor vehicle by the defendant while he was intoxicated.

■ In accepting the defendant's plea of guilty, the trial court followed the guidelines of *King v. State*, Okl.Cr., 553 P.2d 529 (1976), by determining that the defendant was competent, advising him of the nature and consequences of such a plea, and determining that the tendered plea was voluntary. Therefore, the only ground upon which the defendant may assert error is that the trial court abused its discretion in not permitting him to withdraw his plea. Where the discretion of the court is involved in permitting a withdrawal of a plea of guilty and the substitution of a plea of not guilty, the burden is clearly upon the defendant to show that his plea of guilty was entered through inadvertence, through ignorance, influence, or without deliberation and that there is a defense which should be presented to the jury. *Lee v. State*, Okl.Cr., 520 P.2d 697 (1974). The defendant has failed to meet this burden and we find under the facts and circumstances of this case that the court's refusal

to allow the plea of guilty to be withdrawn was not an abuse of discretion. Therefore, the defendant's second assignment of error is without merit.

The defendant raises in his third assignment of error that the information charged two separate crimes and was thus fatally duplicitous. The error, if any, was waived by defense counsel who failed to file a verified motion to quash the information. If a motion to quash is not filed before a plea is entered to the information, the defendant waives any defect in the information that could have been raised by motion to quash. *Atkins v. State*, Okl.Cr., 562 P.2d 947 (1977).

The defendant contends in his fourth assignment of error that the sentence is excessive and should be modified. This contention is without merit. The punishment imposed was well within the range provided by law and does not shock the conscience of this Court.

The judgment and sentence is, accordingly, *AFFIRMED*.

CORNISH, P. J., and BRETT, J., concur.