James L. DAVIS, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. C–84–60.

Court of Criminal Appeals of Oklahoma.

July 24, 1985.

Elaine Meek, Asst. Appellate Public Defender, for petitioner.

No response required from respondent.

## OPINION

BRETT, Judge:

Petitioner pled guilty to the charge of Robbery with a Dangerous Weapon, in Muskogee County District Court, Case No. CRF–82–575. The court deferred Judgment and Sentence for two years. Subsequently, petitioner was charged with ten felonies, the deferred sentence was accelerated, and he was sentenced to twenty-five years in prison. The petitioner filed a motion for new trial alleging the acceleration of his deferred sentence was contrary to law and evidence, there were insufficient facts to warrant acceleration, and the sentence imposed was excessive. The district court denied the motion and petitioner applied to this Court for a writ of certiorari, Case No. C–84–60. He contended the guilty plea was invalid because the trial court had not determined there was a factual basis underlying the plea and the sentence imposed was excessive. On May 14, 1984, this Court denied the application stating petitioner had not filed an application with the trial court to withdraw his plea of guilty; therefore the proceedings could not be reviewed on appeal.

July 28, 1984, this Court granted a rehearing of the cause inasmuch as the petitioner's attempt to preserve error was thwarted by an ambiguous procedural rule of this Court. That rule states:

> Review of the acceleration of a deferred judgment is governed by the procedures for a *regular appeal* from a misdemean-

or or felony conviction *or certiorari, whichever is applicable,* because the acceleration order leads to formal imposition of judgment and sentence.

22 O.S.1981, Ch. 18, App., Rule 1.2(D)(5) (emphasis added).

 As there are several interpretations of this rule, we hereby adopt the following:

1. Regardless of his plea, a defendant who wished to challenge only errors in the acceleration proceeding shall perfect an appeal in accordance with Sections II and III of the Rules of the Court of Criminal Appeals.

2. A defendant who pled guilty and wishes to withdraw his guilty plea shall appeal pursuant to Section IV of the Rules of the Court of Criminal Appeals.

3. A defendant who pled guilty and wished both to withdraw the plea of guilty and to challenge the acceleration proceeding shall join the issues and appeal by certiorari pursuant to Section IV of the Rules of the Court of Criminal Appeals.

All future cases should be appealed in accordance therewith.

■ Turning to the petitioner's appeal, we find that the judgment and sentence should be affirmed. The petitioner alleges that the guilty plea was invalid because there was no factual basis underlying the plea. The record reflects that the petitioner's attorney had discussed with him the Information, which set out the alleged facts and circumstances of the robbery with a dangerous weapon. The petitioner answered affirmatively to the trial court's question, "Do you further plead guilty only for the sole reason that you are guilty and you admit that you did all the acts as charged?" Furthermore, his attorney testified that, in his opinion, the petitioner did not have a meritorious defense that should be presented to a jury. We therefore find that there was a sufficient factual basis to accept the plea of guilty.

■ The range of punishment for Robbery with a Dangerous Weapon is five years to life imprisonment. 21 O.S.1981, § 801. The prosecutor recommended a term from twenty years to life, and the pre-sentencing investigation report recommended the maximum punishment. The trial judge stated his belief that Davis poses a threat to society. Under the circumstances, this Court cannot say that twenty-five (25) years' imprisonment is excessive. The judgment and sentence is therefore AFFIRMED.

PARKS, P.J., and BUSSEY, J., concur.