**Fredrick George BEIHL, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. C–86–832.**

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1988.

E. Alvin Schay, Appellant Public Defender, Norman, for appellant.

No appearance by appellee.

## OPINION

BUSSEY, Judge:

Frederick George Beihl, appellant, was charged in Oklahoma County District Court, Case Nos. CRF–86–1665, 1668, 1673 and 1677, with two counts of Indecent Exposure, four counts of Lewd Acts with a Child Under Sixteen Years of Age, six counts of Forcible Oral Sodomy and two counts of First Degree Rape. Petitioner entered guilty pleas to all counts and was sentenced to five (5) years for each of the Indecent Exposure counts, ten (10) years for each count of the Lewd Acts With Child Under Sixteen, fifteen (15) years for each of the Forcible Oral Sodomy counts and fifty (50) years for each of the Rape counts, all sentences to be served consecutively. The petitioner filed an application to withdraw his guilty pleas which was denied by the trial court. He now petitions this Court for a writ of certiorari.

■ After reviewing the record, we find that the trial court, in accordance with *King v. State*, 553 P.2d 529 (Okl.Cr.1976), fully advised petitioner of the nature and consequences of his guilty pleas, clearly determined the voluntariness of the pleas, and clearly established the factual basis for each count. Although the trial court did not question petitioner extensively concerning his mental state, he did ask petitioner if the medication he was taking affected his judgment or if he had ever been treated for mental illness. The court also asked defense counsel if he had any reason to believe that petitioner was not mentally competent to appreciate and understand the nature, purpose, and consequences of his acts and of the proceeding. Defense counsel responded negatively. Consequently, we are of the opinion that the trial court substantially complied with the plea guidelines. *See State v. Durant*, 609 P.2d 792 (Okl.Cr.1980). This assignment of error is without merit.

■ The petitioner states in his second proposition that his sentences are excessive and should be modified in the interest of justice. The petitioner's sentences are based on fourteen (14) separate sexual offenses. Those offenses were committed over a period of approximately fourteen (14) months with four separate victims including the petitioner's own daughter, and none of the victimized children were over the age of nine years old. This Court has long held that no sentence may be modified unless that sentence shocks the conscience of this Court. *Clanton v. State*, 711 P.2d 937 (Okl.Cr.1985). Considering the serious nature of these offenses and the number of offenses, we cannot say the sentences shock the conscience of this Court. This assignment is meritless.

The petition for writ of certiorari is accordingly DENIED.

BRETT, P.J., and PARKS, J., concur.