George VIGIL, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. C–87–417.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1988.

Jim Loepp, Jim Loepp Law Office, P.C., Beaver, for petitioner.

## OPINION

PARKS, Judge:

George Vigil, petitioner, pled nolo contendere to First Degree Manslaughter (21 O.S. 1981, § 711(1)), in Texas County District Court, Case No. CRF–86–146, before the Honorable Frank Ogden, District Judge. He received an indeterminate sentence of ten (10) to thirty (30) years imprisonment.

Judgment and sentence was imposed accordingly. We affirm.

Petitioner's sole claim is his sentence is excessive. At the hearing on his motion to withdraw his plea, petitioner's primary contention was that he had received an excessive sentence based on similar cases, and his presentence investigation report indicating he had no prior juvenile or adult criminal record.

For purposes of appellate review, a nolo contendere plea has the same legal effect as a guilty plea. See Burch v. State, 738 P.2d 157, 158 (Okla.Crim.App.1987). The scope of review of a guilty plea, and thus a nolo contendere plea, is limited to whether (1) the plea was knowing and voluntary, (2) the Information was sufficient to confer jurisdiction, and (3) the sentence was legal. See Smith v. State, 462 P.2d 289, 290 (Okla.Crim.App.1969). In Judge Nix's unanimous opinion in Smith, joined by Judges Brett and Bussey, the Court held "the sentences imposed are not excessive and are within the limits as provided by law...." Id. The excessiveness of the sentence was addressed in Tahsequah v. State, 602 P.2d 232, 235 (Okla.Crim.App. 1979), a certiorari appeal from a guilty plea.

Here, petitioner's sentence is within statutory limits, since first degree manslaughter is punishable by imprisonment for "not less than four (4) years." 21 O.S.1981, § 715. Unless the sentence is so excessive as to shock the conscience of the Court, we will decline to modify. See Scales v. State, 737 P.2d 950, 954 (Okla.Crim.App.1987); Tahsequah, 602 P.2d at 235. The sentence imposed does not meet this standard.

Accordingly, the petition for a writ of certiorari is DENIED, and the judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.