976 F.2d 740
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Felix ADAMS, Petitioner-Appellant,
v.
Mike PARSONS and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 91-5160.
 United States Court of Appeals, Tenth Circuit.
 Sept. 16, 1992.
 
 1
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 CLARENCE A. BRIMMER, District Judge, Sitting by Designation.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Pro se Petitioner Felix Adams appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We are aware that, as a pro se litigant, Petitioner's pleadings are entitled to liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, after careful consideration of the parties' briefs and the appellate record, we conclude that Petitioner's arguments are without merit and we affirm.
 
 
 6
 Petitioner received a sentence of thirty years' imprisonment after pleading guilty to murder in the second degree. Petitioner subsequently filed a petition for writ of certiorari to the Oklahoma Court of Criminal Appeals, requesting to withdraw his guilty plea due to incompetency. The Oklahoma Court of Criminal Appeals remanded the case to the trial court for a determination of the feasibility of establishing Petitioner's competency at that time. The trial court concluded that a retrospective determination of Petitioner's competency was feasible, and following a jury determination that Petitioner was competent, the Oklahoma Court of Criminal Appeals affirmed his conviction and sentence.
 
 
 7
 In his petition for habeas corpus relief, Petitioner claims that his due process rights under the Fourteenth Amendment were violated when (1) the trial court failed to hold a post-examination competency hearing prior to accepting his guilty plea, and (2) the trial court failed to determine his sanity at the time he committed the offense prior to accepting his guilty plea.
 
 
 8
 Petitioner originally pled not guilty to a charge of first degree murder. Prior to trial, Petitioner was sent to Eastern State Hospital for a period of four months for evaluation of his competency to stand trial and his possible insanity at the time he committed the offense. Following his release from Eastern State Hospital, he was examined by independent psychiatrists at his attorney's request. No post-examination hearing was requested by Petitioner nor was any such hearing conducted by the trial court sua sponte. It appears that, based on the psychiatric reports and upon the recommendation of his counsel, Petitioner withdrew his not guilty plea, and pursuant to a plea agreement, entered a plea of guilty to a lesser charge of second degree murder.
 
 
 9
 Initially, Petitioner argues that the trial court violated his due process rights by not holding a post-examination competency hearing pursuant to Okla.Stat. tit. 22, §§ 1175.3, 1175.4, prior to accepting his guilty plea.[1] See Scott v. State, 730 P.2d 7, 7-8 (Okla.Crim.App.1986) (detailed discussion of Oklahoma's statutory competency procedures). Although once a defendant's competency is placed in doubt, a post-examination hearing is mandatory, id. at 7, the failure of the trial court to hold a post-examination competency hearing concurrent with trial "is not per se violative of due process." Boltz v. State, 806 P.2d 1117, 1121 (Okla.Crim.App.), cert. denied, 112 S.Ct. 143 (1991). The Supreme Court indicated that if it is feasible to make a competency determination at a subsequent time based on credible and competent evidence, due process is satisfied. Pate v. Robinson, 383 U.S. 375, 377 (1966); see also Boltz v. State, 806 P.2d at 1121 (error of the trial court in failing to conduct competency hearing at the time of trial can be cured if meaningful hearing can be held later). The defendant's competency hearing in Boltz was not held until three and one-half years after trial. However, because all necessary records, evidence, and witnesses were available, the retrospective determination of competency was not prejudicial. Boltz v. State, 806 P.2d at 1121-22.
 
 
 10
 In this case, Petitioner's competency hearing was held two years following his guilty plea. The matter was tried to a jury and all necessary records and witnesses were available. Petitioner was found competent. Therefore, the district court's error in failing to hold a post-examination competency hearing at the time Petitioner entered his guilty plea was cured. See id. at 1121.
 
 
 11
 Finally, Petitioner argues that the trial court had a duty to determine his sanity at the time he committed the offense prior to accepting his guilty plea. It appears that Petitioner confuses his statutory right to a post-examination competency hearing with the insanity defense.
 
 
 12
 The question of an accused's present competency to stand trial is a separate matter from a defense of insanity, that is, the inability to distinguish right from wrong at the time of the offense. Competency is defined as "the present ability of a person arrested for or charged with a crime to understand the nature of the charges and proceedings brought against him, and is able to effectively and rationally assist in his defense."
 
 
 13
 Miller v. State, 751 P.2d 733, 736-37 (Okla.Crim.App.1988) (quoting Okla.Stat. tit. 22, § 1175.1(1)); see also Frederick v. State, 811 P.2d 601, 603 (Okla.Crim.App.1991) (the determination of whether an accused is competent at the time the crime was committed has no application when measuring the validity of a guilty plea).
 
 
 14
 Petitioner argues Ake v. Oklahoma, 470 U.S. 68 (1985) to support his contention. In Ake, the Supreme Court held that when a defendant has indicated that his sanity will be a factor at trial, access to a psychiatrist must be provided if the defendant cannot afford one. Id. at 74. This holding is inapposite. By entering a plea of guilty, Petitioner waived his defenses, including the insanity defense. United States v. Donohoe, 458 F.2d 237, 239 (10th Cir.), cert. denied, 409 U.S. 865 (1972). The trial court, when accepting Petitioner's plea, was thorough in exploring Petitioner's understanding of the consequences of pleading guilty, especially his understanding that entering the plea acted as a waiver of any insanity defense. Sentencing Tr. at 3-4, 8-10.
 
 
 15
 In conclusion, the court was justified in retrospectively judging Petitioner competent at the time he entered his guilty plea, see Tanner v. United States, 434 F.2d 260, 262 (10th Cir.1970), cert. denied, 402 U.S. 912 (1971), and any insanity defense which Petitioner may have had was effectively waived by entry of his guilty plea, see United States v. Donohoe, 458 F.2d at 239. Therefore, the judgment of the United States District Court for the Northern District of Oklahoma denying Petitioner's request for habeas corpus relief is AFFIRMED.
 
 
 16
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Okla.Stat. tit. 22, § 1175.3(D) states in part:
 D. If the court finds there is a doubt as to the competency of the person, it shall order the person to be examined by doctors or appropriate technicians.
 Okla.Stat. tit. 22, § 1175.4(A) states in part:
 A. After the doctor, doctors or technicians have made the determination required in Section 1175.3 of this title, a hearing on the competency of the person shall be held only upon application of the defendant or the state or upon the formal setting of a competency hearing by the court.