2015 OK CR 1

**Matthew Shelby WHITAKER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2013–683.**

Court of Criminal Appeals of Oklahoma.

Jan. 9, 2015.

James Huber, Tulsa, OK, counsel for appellant at trial.

Jason Rush, Assistant District Attorney, Tulsa, OK, counsel for the State at trial.

Eric L. Reynolds, Tulsa County Public Defenders Office, Tulsa, OK, counsel for appellant on appeal.

E. Scott Pruitt, Attorney General of Oklahoma, Judy King, Assistant Attorney General, Oklahoma City, OK, counsel for the State on appeal.

### SUMMARY OPINION

LUMPKIN, Vice–Presiding Judge.

¶ 1 On June 15, 2009, Appellant Whitaker, represented by counsel, entered a guilty plea to a charge of Distribution of a Controlled Substance in Tulsa County Case No. CF–2008–6121. Whitaker's sentencing was deferred for a period of four years, subject to terms and conditions of probation. On May 24, 2013, the State filed an Application to Accelerate Deferred Sentence, alleging Whitaker committed the new offense of Domestic Assault and Battery as alleged in Tulsa County Case No. CM–2013–407.[1]

¶ 2 On July 11, 2013, at the conclusion of the hearing on the State's acceleration application, the Honorable Tom C. Gillert accelerated Whitaker's deferred sentence and sentenced him to four years. From this judgment and sentence, Whitaker appeals and raises the following propositions of error:

1. The District Court abused its discretion in accelerating Whitaker's sentence because the State presented insufficient evidence to support the claim that Whitaker committed the offense of Domestic Assault and Battery; and

---

1. A review of the Tulsa County District Court docket reveals that on March 22, 2013, Whitaker, represented by counsel, entered a guilty plea to a reduced charge of misdemeanor Assault and Battery in Case No. CM–2013–407.

2. Whitaker's sentence is excessive and should be modified.

The acceleration of Whitaker's deferred sentence is **AFFIRMED.**

¶ 3 The State's acceleration application alleged that Whitaker violated the terms and conditions of his probation after he was charged with Domestic Assault and Battery in Tulsa County Case No. CF–2013–1907. At Proposition 1, Whitaker argues the State presented insufficient evidence to show, by a preponderance of the evidence, that he committed the charged offense. The State claimed that Whitaker and the victim, Whitaker's former girlfriend Connor, got into an argument. After leaving to stay with her mother, Connor reconciled with Whitaker and returned to the home they shared. The couple again argued, but this time Whitaker took Connor's phone to prevent her from calling her mother, and would not return the device. Connor tried to leave, but Whitaker would not let her leave the house. Connor alleged that Whitaker bit her on the shoulder. Eventually the couple fell asleep and when Connor woke up she found her phone and called her mother to pick her up. That night Connor's parents took her back to the home to get her clothes. Whitaker arrived at the house while Connor and her parents were there, and her stepfather called the police.

¶ 4 Connor's testimony at the acceleration hearing was consistent with the State's allegations. On cross-examination, Connor admitted that she and Whitaker argued. After first denying that she bit Whitaker, Connor admitted that she bit him on the finger prior to him biting her on the shoulder. Connor was 5 months pregnant at the time of the altercation. A photo was admitted into evidence showing the mark left on Connor's shoulder as a result of the bite. Whitaker argues that he and Connor engaged in a conflict which she initiated by biting him on the finger, and therefore his biting her on the shoulder in retaliation was not "unlawful" because Connor consented to the fight. Whitaker cites no controlling authority supporting his claim that consent is a defense to a charge of assault and battery.

¶ 5 This Court has consistently held that an acceleration proceeding does not require the same broad scope of due process protection as a criminal proceeding. *Degraffenreid v. State,* 1979 OK CR 88, ¶ 14, 599 P.2d 1107, 1110. The standard of review in acceleration proceedings is abuse of discretion. *Hagar v. State,* 1999 OK CR 35, ¶ 10, 990 P.2d 894, 898; *Edwards v. State,* 1987 OK CR 276, ¶¶ 7–8, 747 P.2d 968, 970. There was more than sufficient evidence presented at the acceleration hearing to find, by a preponderance of the evidence, that Whitaker committed the offense of Domestic Assault and Battery.

¶ 6 At Proposition 2, Whitaker argues that his sentence is excessive. The State argues that the length of Whitaker's sentence is not proper for consideration within the context of an acceleration appeal. Whitaker acknowledges that the scope of review in an acceleration appeal is limited to the validity of the order of acceleration. See Rule 1.2(D)(5)(b), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2014). A claim of excessive sentence upon acceleration of a deferred sentence challenges the appropriateness of the sentence, and this issue is only properly reviewed if the defendant appeals his judgment and sentence, which requires the filing of a petition for writ of *certiorari* and compliance with the procedures established by this Court's Rules for perfecting a *certiorari* appeal. See 22 O.S.2001, § 1051(a) (statute requiring appellate review of convictions that follow a plea of guilty or *nolo contendere* to be by petition for writ of *certiorari*); Rule 1.2(D)(5)(a)(iii) and (D)(5)(c) and Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2014).

¶ 7 Citing to this Court's decision in *Vigil v. State,* 1988 OK CR 276, 765 P.2d 794, Whitaker argues that the procedure for challenging his conviction through a *certiorari* appeal precludes challenges to the length of a sentence because *certiorari* review is limited to (1) whether the plea was knowing and voluntary, (2) whether the information was sufficient to confer jurisdiction, and (3) whether the sentence was legal. To that end, he argues that the scope of review in a

*certiorari* appeal violates the Oklahoma Constitution and state statutes. Whitaker proposes that this Court should expand its scope of review in acceleration appeals to address excessive sentence claims.

¶ 8 In *Frederick v. State*, 1991 OK CR 56, 811 P.2d 601, this Court reviewed a claim of excessive sentence presented in a *certiorari* appeal. We noted that in evaluating the validity of a guilty plea, the Court is concerned only with whether the plea was entered voluntarily and intelligently. *Frederick*, at ¶ 5, 811 P.2d at 602. Frederick admitted that his desire to withdraw his plea was based primarily on his dissatisfaction with the sentence assessed in his case. Finding that Frederick presented this Court with no compelling legal reason to find that the trial court abused its discretion when it denied Frederick's request to withdraw his plea, we affirmed the trial court's ruling. *Id.* at ¶ 10, 811 P.2d at 604.

¶ 9 We acknowledge that the language in *Frederick* is unnecessarily restrictive. We also note, however, that this Court has addressed and will continue to address, claims of excessive sentence when properly raised in a *certiorari* appeal. In *Gonseth v. State*, 1994 OK CR 9, ¶ 14, 871 P.2d 51, 55, petitioner claimed only that the trial court exceeded its sentencing authority. This Court reviewed the claim for abuse of discretion and found none. In *Vigil v. State*, 1988 OK CR 276, ¶ 4, 765 P.2d 794, 794, petitioner's claim of excessive sentence was reviewed on *certiorari* appeal applying the "shock the conscience" standard. This was the same standard of review applied in *Beihl v. State*, 1988 OK CR 213, ¶ 3, 762 P.2d 976, 977. Finally, in *Davis v. State*, 1985 OK CR 93, ¶ 5, 704 P.2d 497, 499 Petitioner's excessive sentence claim was reviewed and found to be within the statutory limitations for the charged offense. We addressed these claims on appeal because the issue of excessive sentence was properly raised in the District Court in the petitioners' motions to withdraw their pleas.

¶ 10 Excessive sentence claims must be raised at the district court level and the petitioner must make a proper record which allows for meaningful appellate review. This Court's Rule 4.2(B), *Rules of the Oklahoma*

*Court of Criminal* Appeals, Title 22, Ch.18, App. (2014) provides in relevant part:

> B. The trial court shall hold an evidentiary hearing and rule on the application [to withdraw plea] within thirty (30) days from the date it was filed. ***No matter may be raised in the petition for a writ of certiorari unless the same has been raised in the application to withdraw the plea, which must accompany the records filed with this Court.*** (emphasis added)

It is incumbent upon a defendant who wishes to challenge his sentence in a *certiorari* appeal to make a sufficient record of this claim at the district court hearing on his motion to withdraw plea. Only then may the issue of excessive sentence be properly considered in a *certiorari* appeal.

¶ 11 The provisions of 22 O.S.2011, § 1051 provide that the only appeal from a plea of guilty is by *certiorari*. Inherent in this type of appeal is a review of the trial court's actions taken as a result of the defendant's motion to withdraw his plea. If a matter is not presented to the trial court, there is nothing for this Court to review. In each of the *certiorari* appeals where this Court has reviewed claims of excessive sentence, the issue was raised in the trial court in the defendant's motion to withdraw plea.

¶ 12 Whitaker's argument in his acceleration appeal that his sentence is excessive has no bearing on whether he violated the terms and conditions of his probation or whether his probation violation would justify the District Court's acceleration of his deferred sentence. Consideration of the issue of excessive sentence is not properly presented for review in an acceleration appeal.

¶ 13 We find nothing in the record presented to this Court indicating that the District Court abused its discretion in accelerating Whitaker's deferred sentence.

### DECISION

¶ 14 The order of the District Court of Tulsa County accelerating Appellant's deferred sentence in Case No. CF–2008–6121 is **AFFIRMED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2015), the **MANDATE**

is **ORDERED** issued upon the delivery and filing of this decision.

SMITH, P.J., JOHNSON and LEWIS, JJ.: concur.