OSCN Found Document:WHITAKER v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 WHITAKER v. STATE
2015 OK CR 1
341 P.3d 87
Case Number: F-2013-683
Decided: 01/09/2015
MATTHEW SHELBY WHITAKER, Appellant, v. STATE OF OKLAHOMA, Appellee.
Cite as: 2015 OK CR 1, 341 P.3d 87

 

 


S U M M A R Y O P I N I O N

LUMPKIN, VICE-PRESIDING JUDGE:
¶1 On June 15, 2009, Appellant Whitaker, represented by counsel, entered a 
guilty plea to a charge of Distribution of a Controlled Substance in Tulsa 
County Case No. CF-2008-6121. Whitaker's sentencing was deferred for a period of 
four years, subject to terms and conditions of probation. On May 24, 2013, the 
State filed an Application to Accelerate Deferred Sentence, alleging Whitaker 
committed the new offense of Domestic Assault and Battery as alleged in Tulsa 
County Case No. CM-2013-407.[1]
¶2 On July 11, 2013, at the conclusion of the hearing on the State's 
acceleration application, the Honorable Tom C. Gillert accelerated Whitaker's 
deferred sentence and sentenced him to four years. From this judgment and 
sentence, Whitaker appeals and raises the following propositions of error:

 
 1. The District Court abused its discretion in accelerating Whitaker's 
 sentence because the State presented insufficient evidence to support the 
 claim that Whitaker committed the offense of Domestic Assault and Battery; 
 and
 2. Whitaker's sentence is excessive and should be 
modified.
The acceleration of Whitaker's deferred sentence is AFFIRMED.
¶3 The State's acceleration application alleged that Whitaker violated the 
terms and conditions of his probation after he was charged with Domestic Assault 
and Battery in Tulsa County Case No. CF-2013-1907. At Proposition 1, Whitaker 
argues the State presented insufficient evidence to show, by a preponderance of 
the evidence, that he committed the charged offense. The State claimed that 
Whitaker and the victim, Whitaker's former girlfriend Connor, got into an 
argument. After leaving to stay with her mother, Connor reconciled with Whitaker 
and returned to the home they shared. The couple again argued, but this time 
Whitaker took Connor's phone to prevent her from calling her mother, and would 
not return the device. Connor tried to leave, but Whitaker would not let her 
leave the house. Connor alleged that Whitaker bit her on the shoulder. 
Eventually the couple fell asleep and when Connor woke up she found her phone 
and called her mother to pick her up. That night Connor's parents took her back 
to the home to get her clothes. Whitaker arrived at the house while Connor and 
her parents were there, and her stepfather called the police.
¶4 Connor's testimony at the acceleration hearing was consistent with the 
State's allegations. On cross-examination, Connor admitted that she and Whitaker 
argued. After first denying that she bit Whitaker, Connor admitted that she bit 
him on the finger prior to him biting her on the shoulder. Connor was 5 months 
pregnant at the time of the altercation. A photo was admitted into evidence 
showing the mark left on Connor's shoulder as a result of the bite. Whitaker 
argues that he and Connor engaged in a conflict which she initiated by biting 
him on the finger, and therefore his biting her on the shoulder in retaliation 
was not "unlawful" because Connor consented to the fight. Whitaker cites no 
controlling authority supporting his claim that consent is a defense to a charge 
of assault and battery.
¶5 This Court has consistently held that an acceleration proceeding does not 
require the same broad scope of due process protection as a criminal proceeding. 
Degraffenreid v. State, 1979 OK 
CR 88, ¶ 14, 599 P.2d 1107, 
1110. The standard of review in acceleration proceedings is abuse of discretion. 
Hagar v. State, 1999 OK CR 85, ¶ 10, 990 P.2d 894, 898; Edwards v. 
State, 1987 OK CR 276, ¶¶ 
7-8, 747 P.2d 968, 970. There was 
more than sufficient evidence presented at the acceleration hearing to find, by 
a preponderance of the evidence, that Whitaker committed the offense of Domestic 
Assault and Battery.
¶6 At Proposition 2, Whitaker argues that his sentence is excessive. The 
State argues that the length of Whitaker's sentence is not proper for 
consideration within the context of an acceleration appeal. Whitaker 
acknowledges that the scope of review in an acceleration appeal is limited to 
the validity of the order of acceleration. See Rule 1.2(D)(5)(b), Rules of 
the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2014). A 
claim of excessive sentence upon acceleration of a deferred sentence challenges 
the appropriateness of the sentence, and this issue is only properly reviewed if 
the defendant appeals his judgment and sentence, which requires the filing of a 
petition for writ of certiorari and compliance with the procedures 
established by this Court's Rules for perfecting a certiorari appeal. See 
22 O.S.2001, § 1051(a) (statute 
requiring appellate review of convictions that follow a plea of guilty or 
nolo contendere to be by petition for writ of certiorari); Rule 
1.2(D)(5)(a)(iii) and (D)(5)(c) and Rule 4.2, Rules of the Oklahoma Court of 
Criminal Appeals, Title 22, Ch.18, App. (2014).
¶7 Citing to this Court's decision in Vigil v. State, 1988 OK CR 276, 765 P.2d 794, Whitaker argues that 
the procedure for challenging his conviction through a certiorari appeal 
precludes challenges to the length of a sentence because certiorari 
review is limited to (1) whether the plea was knowing and voluntary, (2) whether 
the information was sufficient to confer jurisdiction, and (3) whether the 
sentence was legal. To that end, he argues that the scope of review in a 
certiorari appeal violates the Oklahoma Constitution and state statutes. 
Whitaker proposes that this Court should expand its scope of review in 
acceleration appeals to address excessive sentence claims.
¶8 In Frederick v. State, 1991 OK CR 56, 811 P.2d 601, this Court reviewed a 
claim of excessive sentence presented in a certiorari appeal. We noted 
that in evaluating the validity of a guilty plea, the Court is concerned only 
with whether the plea was entered voluntarily and intelligently. Frederick, 
at ¶ 5, 811 P.2d at 602. Frederick admitted that his desire to withdraw his 
plea was based primarily on his dissatisfaction with the sentence assessed in 
his case. Finding that Frederick presented this Court with no compelling legal 
reason to find that the trial court abused its discretion when it denied 
Frederick's request to withdraw his plea, we affirmed the trial court's ruling. 
Id. at ¶ 10, 811 P.2d at 604.
¶9 We acknowledge that the language in Frederick is unnecessarily 
restrictive. We also note, however, that this Court has addressed and will 
continue to address, claims of excessive sentence when properly raised in a 
certiorari appeal. In Gonseth v. State, 1994 OK CR 9, ¶ 14, 871 P.2d 51, 55, petitioner claimed 
only that the trial court exceeded its sentencing authority. This Court reviewed 
the claim for abuse of discretion and found none. In Vigil v. State, 1988 OK CR 276, ¶ 4, 765 P.2d 794, 794, petitioner's 
claim of excessive sentence was reviewed on certiorari appeal applying 
the "shock the conscience" standard. This was the same standard of review 
applied in Beihl v. State, 1988 OK CR 213, ¶ 3, 762 P.2d 976, 977. Finally, in 
Davis v. State, 1985 OK CR 
93, ¶ 5, 704 P.2d 497, 499 
Petitioner's excessive sentence claim was reviewed and found to be within the 
statutory limitations for the charged offense. We addressed these claims on 
appeal because the issue of excessive sentence was properly raised in the 
District Court in the petitioners' motions to withdraw their pleas.
¶10 Excessive sentence claims must be raised at the district court level and 
the petitioner must make a proper record which allows for meaningful appellate 
review. This Court's Rule 4.2(B), Rules of the Oklahoma Court of Criminal 
Appeals, Title 22, Ch.18, App. (2014) provides in relevant part:

 
 B. The trial court shall hold an evidentiary hearing and rule on the 
 application [to withdraw plea] within thirty (30) days from the date it was 
 filed. No matter may be raised in the petition for a writ of 
 certiorari unless the same has been raised in the application to withdraw 
 the plea, which must accompany the records filed with this Court. 
 (emphasis added) 
It is incumbent upon a defendant who wishes to challenge his sentence in a 
certiorari appeal to make a sufficient record of this claim at the 
district court hearing on his motion to withdraw plea. Only then may the issue 
of excessive sentence be properly considered in a certiorari appeal.
¶11 The provisions of 22 O.S. 
2011, § 1051 provide that the only appeal from a plea of guilty is by 
certiorari. Inherent in this type of appeal is a review of the trial 
court's actions taken as a result of the defendant's motion to withdraw his 
plea. If a matter is not presented to the trial court, there is nothing for this 
Court to review. In each of the certiorari appeals where this Court has 
reviewed claims of excessive sentence, the issue was raised in the trial court 
in the defendant's motion to withdraw plea.
¶12 Whitaker's argument in his acceleration appeal that his sentence is 
excessive has no bearing on whether he violated the terms and conditions of his 
probation or whether his probation violation would justify the District Court's 
acceleration of his deferred sentence. Consideration of the issue of excessive 
sentence is not properly presented for review in an acceleration appeal.
¶13 We find nothing in the record presented to this Court indicating that the 
District Court abused its discretion in accelerating Whitaker's deferred 
sentence.
DECISION
¶14 The order of the District Court of Tulsa County accelerating Appellant's 
deferred sentence in Case No. CF-2008-6121 is AFFIRMED. Pursuant to Rule 
3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, 
App. (2015), the MANDATE is ORDERED issued upon the delivery and 
filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE 
HONORABLE TOM C. GILLERT, DISTRICT JUDGE
APPEARANCES AT 
TRIAL                                  
APPEARANCES ON APPEAL
 

 
 
 
 JAMES HUBER
111 WEST FIFTH
TULSA, OK 74103
COUNSEL FOR 
 APPELLANT
  
 JASON RUSH
ASSISTANT DISTRICT ATTORNEY
TULSA COUNTY
500 SOUTH 
 DENVER
TULSA, OK 74103
COUNSEL FOR THE STATE
 
 ERIC L. REYNOLDS
TULSA COUNTY PUBLIC DEFENDERS OFFICE
423 S. 
 BOULDER, STE. 300
TULSA, OK 74103
COUNSEL FOR APPELLANT
 E. SCOTT PRUITT
ATTORNEY GENERAL OF OKLAHOMA
JUDY 
 KING
ASSISTANT ATTORNEY GENERAL
313 N.W. 21st STREET
OKLAHOMA 
 CITY, OK 73105
COUNSEL FOR THE STATE
  

OPINION BY: LUMPKIN, V.P.J.
SMITH, P.J.: CONCUR
JOHNSON, J.: 
CONCUR
LEWIS, J.: CONCUR

FOOTNOTES

[1] A 
review of the Tulsa County District Court docket reveals that on March 22, 2013, 
Whitaker, represented by counsel, entered a guilty plea to a reduced charge of 
misdemeanor Assault and Battery in Case No. CM-2013-407.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1987 OK CR 276, 747 P.2d 968, EDWARDS v. STATE
Discussed
 1988 OK CR 213, 762 P.2d 976, BEIHL v. STATE
Discussed
 1988 OK CR 276, 765 P.2d 794, VIGIL v. STATE
Discussed at Length
 1991 OK CR 56, 811 P.2d 601, FREDERICK v. STATE
Discussed
 1994 OK CR 9, 871 P.2d 51, GONSETH v. STATE
Discussed
 1979 OK CR 88, 599 P.2d 1107, DEGRAFFENREID v. STATE
Discussed
 1999 OK CR 35, 990 P.2d 894, 70 OBJ 2766, Hagar v. State
Cited
 1985 OK CR 93, 704 P.2d 497, DAVIS v. STATE
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1051, Right of Appeal - Review - Corrective Jurisdiction - Procedure - Scope of Review on Certiorari
Discussed