Sy Chong NGUYEN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. C–88–306.

Court of Criminal Appeals of Oklahoma.

April 10, 1989.

---

**402** ◼️ ▬▬▬▬▬▬▬▬▬

Linda Burkett, Oklahoma City, for appellant.

OPINION

BRETT, Presiding Judge:

Appellant, Sy Chong Nguyen, pled guilty to Driving Under the Influence of an Intoxicating Liquor, Oklahoma County District Court, Case No. CRM–87–3463, and was given a two-year deferred sentence, 40 hours of community service, a fine of $200.00, and a $50.00 victim's compensation assessment. *See* 47 O.S.Supp.1986, § 11–902, 22 O.S.Supp.1985, § 991c. His application to withdraw his guilty plea was denied by the District Court and he has brought a certiorari appeal to this Court requesting he be allowed to change his plea from guilty to not guilty and proceed to trial.

Appellant was stopped by an officer of the Valley Brook Police Department on November 10, 1987. The officer told appellant he was clocked on their radar equipment going 50 m.p.h. in a 40 m.p.h. zone. The officer took appellant to the Oklahoma City Police Department where a breathalyzer test was made, and he was charged with Driving Under the Influence. He retained private counsel and a plea agreement was made for the sentence he received. It is not known if appellant was ever convicted on the speeding charge or what the results were of the breathalyzer test. The plea hearing has not been transcribed.

Sometime later, appellant became aware through the news media of problems with the Valley Brook radar equipment. He has stated in his brief and in an affidavit he filed with this Court that the radar equipment was defective and the defects were known to all of the Valley Brook authorities. His claim is that his stop was unlawful therefore his arrest and the breathalyz-

er test were unlawful. He also states that his guilty plea was the result of ineffective assistance of counsel.

Appellant filed an application to withdraw his guilty plea stating he had a meritorious defense to the charge and that his plea was entered through ignorance and ineffective assistance of counsel. The district court denied his request to change his plea to not guilty and gave no explanation for the ruling.

■ The question of whether or not this is an appealable order is one this Court has not addressed in a published opinion. In *Davis v. State*, 704 P.2d 497 (Okl.Cr.1985), the conflicts between appeal procedures regarding guilty pleas that carry deferred or suspended sentences were addressed. The question presented in this case, however, where the defendant has not broken the conditions of his deferred sentence, was not addressed in *Davis.* In a deferred sentence, the district court retains jurisdiction and only a conditional order, not a judgment and sentence, is entered; therefore, there is no "final judgment" in the usual sense from which to appeal. If all the conditions are met at the end of the probation period, the conditional order will be withdrawn, and there would never be a final appealable order entered. 22 O.S. Supp.1985, § 991c. *See also Belle v. State,* 516 P.2d 551 (Okl.Cr.1973).

The trial court retains jurisdiction to allow a change of plea anytime before judgment, 22 O.S.1981, § 517 provides:

The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted.

Whereas, *after* judgment a defendant has only 10 days to file an application to withdraw the guilty plea. 22 O.S.1981, § 1051; Ch. 18, App.—Rules of the Court of Criminal Appeals, Section IV Rule 4.1.

■ As a rule, this Court does not entertain interlocutory appeals, the most notable exception being certain juvenile proceedings. It would not be prudent to change that rule even though it sometimes works a hardship for a defendant to have to wait until a regular appeal procedure is available to have certain key issues resolved. The usual problem is not the total lack of recourse but the length of time involved. However, under the facts presented in this case, as in any deferred sentence, the first time, if ever, a regular appeal will be available to an appellant is if an acceleration application is filed and ultimately granted for rule infractions; then and only then will appellant have the right to have this Court review his case. *See Kern v. State,* 521 P.2d 412, 415 (Okl.Cr.1974). Even though the allegations in this case appear to present a case of appellant being dealt an injustice by the criminal justice system, we will not create a right to a regular appeal in order to grant relief in this matter.

■ A defendant who chooses to plead guilty even if he is not aware of all of the deficiencies in his case or the State's case, does so with this sort of potential risk. In a criminal case, it is these kind of considerations that provide the *quid pro quo* for a plea agreement. We do not find ineffective assistance of counsel from the facts appellant recites. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).

For the above reasons we are dismissing appellant's certiorari appeal. We note, however, the only evidence in the record before this Court is an affidavit of the appellant, and apparently that is the extent of the evidence that was presented to the trial court. A second hand recitation of media reports on the Valley Brook radar problem is not evidence. If this was the extent of the evidence offered to the trial judge, then there has been no abuse of discretion in refusing to allow appellant to withdraw his plea. *See* 12 O.S.1981, §§ 2801 to 2806.

Appellant's certiorari appeal is DISMISSED without prejudice.

PARKS, V.P.J., concurs in result.

BUSSEY, LANE and LUMPKIN, JJ., concur.