**Eric Adam GONSETH, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

No. C–93–246.

Court of Criminal Appeals of Oklahoma.

Feb. 8, 1994.

Rehearing Denied March 30, 1994.

---

**3.** A valid arrest on a misdemeanor warrant can only be made if the officer has the warrant in hand.

## ORDER DENYING APPLICATION FOR WRIT OF CERTIORARI

Eric Adam Gonseth, a juvenile, pled *nolo contendere* to the offense of Negligent Homicide (47 O.S.1991, § 11–903) in Muskogee County District Court, Case No. CRM–92–407, before the Hon. Robin Adair, Special Judge. The trial court deferred judgment and sentence for five years and conditioned it upon Petitioner's adherence to the following terms: payment of $184.00 in court costs; completion of 1,000 hours of community service, to be performed at the rate of 200 hours per year; submission at any time to urinalysis; and his agreement to refrain from obtaining a driver's license until the age of eighteen. The Court also ordered Petitioner be supervised under the rules and conditions of probation of the Department of Corrections throughout his five-year deferment.

Pursuant to Rule 4.1, *Rules of the Court of Criminal Appeals,* 22 O.S.1991, Ch. 18, App., Petitioner filed in the trial court a timely application to withdraw his guilty plea. Following a hearing, the trial court denied Petitioner's motion. Petitioner now appeals the denial of his motion to withdraw his plea.

This Court directed a response from the State. In that response, the State argued the present appeal should be dismissed based on this Court's holding in *Nguyen v. State,* 772 P.2d 401 (Okl.Cr.1989). As in the present case, the defendant in *Nguyen* pled guilty, received a deferment, timely filed with the trial court his motion to withdraw his plea, then timely appealed the trial court's denial of that motion by application for a writ of certiorari. We dismissed the appeal, reasoning that because Nguyen had received a deferment—which constitutes only a conditional order—there would be no final judgment from which to perfect any appeal until the deferment was accelerated. *Id.* at 403. *See also Davis v. State,* 704 P.2d 497 (Okl.Cr. 1985); Rule 1.2(D)(5)(a), (b) & (c), *Rules of the Court of Criminal Appeals,* 22 O.S.1991, Ch. 18, App. After some consideration, we have decided the issue must be revisited.

The applicable statutes are 22 O.S.1991, § 991c, which deals with deferred judgments; and 22 O.S.1991, § 1051, governing appeals. Section 991c reads in pertinent part:

Upon a verdict or plea of guilty or upon a plea of nolo contendere, *but before a judgment of guilt,* the court may, *without entering a judgment of guilt* and with the consent of the defendant, [defer the conviction].

. . . .

Upon completion of the probation term [not to exceed five years], the defendant shall be discharged *without a court judgment of guilt,* and the verdict or plea of guilty [or nolo] shall be expunged from the record. . . .

22 O.S.1991, § 991c (emphasis added).

The power of the trial court to enter an order of deferment is not at issue before this Court. Here, Petitioner seeks to appeal the ruling of the trial court denying his motion to withdraw the guilty plea. The appeal of a deferment is not governed by § 991c. The applicable statute reads:

(a) An appeal to the Court of Criminal Appeals may be taken by the defendant, as a matter of right from any judgment against him, which shall be taken as hereinafter provided; and, upon the appeal, any decision of the court or intermediate order made in the progress of the case may be reviewed; provided further, all appeals taken from any conviction on a plea of guilty shall be taken by petition for writ of certiorari to the Court of Criminal Appeals, as provided in paragraph (b) of this section, provided, such petition must be filed within ninety (90) days from the date of said conviction. The Court of Criminal Appeals may take jurisdiction of any case for the purpose of correcting the appeal records when the same do not disclose the judgment and sentence; such jurisdiction shall be for the sole purpose of correcting such defect of defects.

22 O.S.1991, § 1051(a). The statute further provides that this Court shall establish rules setting forth the procedure for filing a petition for writ of certiorari. 22 O.S.1991, § 1051(b)(3).

■ This Court has interpreted the word "judgment" in connection with § 1051 as being a final judgment. *Greenwood v. State,* 375 P.2d 661, 664 n. 1 (Okl.Cr.1962). And while no particular language is necessary to render a judgment, we have said a judgment must be in writing and contain four things: the date the judgment was rendered; against whom it was rendered and for what offense; that the sentence was pronounced in accordance with the verdict; and the judge's signature. We have interpreted the word "conviction" as used in § 1051 as meaning the time the judgment and sentence was pronounced. *Turner v. State,* 541 P.2d 1355, 1356 (Okl.Cr.1975). A judgment is "pronounced" when it is "rendered," when it is final. *See Quick v. City of Tulsa,* 542 P.2d 961, 962 (Okl.Cr.1975); *Moran v. State,* 333 P.2d 318, 319 (Okl.Cr.1958). Since the statute dealing with the court's ability to defer judgment and sentence by its very terms speaks of the court's taking certain actions "before a judgment of guilt," it logically fol-

lows no judgment is entered. Under the strict terms of the statute, a petitioner cannot appeal from a trial court's refusal to allow him to withdraw his guilty plea in a situation where judgment has not been entered. Therefore, *Nguyen* and *Davis* as prior rulings of this Court dealing with appeals from deferments seem to be logical interpretations of the above statutes.

However, we have heretofore failed to recognize that to take such a strict view of a petitioner's right to appeal from a deferment is to ignore certain aspects of a trial judge's powers, even under a deferment procedure. Under 22 O.S.1991, § 991c, even though no judgment and sentence may be pronounced, a court still has the power to sentence a defendant to up to ninety (90) days in the county jail; and pay into the court fund a sum not exceeding the maximum fine authorized for the offense the defendant was charged with. Under the strict interpretation adopted by this Court, a defendant could suffer a loss of liberty and be forced to pay a fine of several thousand dollars, yet not be able to appeal that loss of liberty or property. By its very terms, such a strict interpretation would deprive a petitioner of his right to due process of law under Art. II, § 7 of the Oklahoma constitution.

■ Statutes are presumed constitutional; and, if possible, this Court has a duty to construe statutes in a manner which does not run afoul of the constitution. *State v. Hunter,* 787 P.2d 864, 865 (Okl.Cr.1990). It also has a duty to liberally construe statutes "with a view to effect their objects and to promote justice." 25 O.S.1991, § 29. With those dictates in mind, we shall re-examine the statute to determine if a constitutionally sound interpretation can be found.

■ The statute governing appeals uses the term "judgment" when dealing with most matters. However, when dealing with the specific area of a guilty plea, it uses the word "conviction." 22 O.S.1991, § 1051(a). We believe the Legislature used the word "conviction" instead of "judgment" in connection

with guilty pleas for a reason. Even though the term is most often—and correctly—used in the strict legal sense as meaning a final judgment of the court, that is not the only definition available. This Court noted the term in its ordinary sense could be used to designate that particular state of a criminal prosecution, when a plea of guilty is entered in open court, or a verdict of guilty is returned by a jury. *See Gilmore v. State,* 3 Okl.Cr. 639, 640, 108 P. 416 (1910). Such a definition, while not widely used, is a plausible one which allows this Court to interpret § 1051 and § 991c in a manner consistent with our constitution.[1] Under it, while a deferment is not a conviction in the sense final judgment is entered, it is a final order in the sense the court has the power to enforce its orders upon one who has entered a plea of guilty or nolo contendere in open court. *See State v. Claborn,* 870 P.2d 169 (Okl.Cr.1994) (opinion of Chapel, J., discussing applicability of various assessments on person given a deferred sentence). And as such, a petitioner must have the ability to appeal from a trial court's refusal to allow him to withdraw his plea of guilty or nolo contendere. To the extent they conflict with this holding, *Nguyen v. State,* 772 P.2d 401 (Okl.Cr.1989), and *Davis v. State,* 704 P.2d 497 (Okl.Cr.1985) are expressly overruled.

Accordingly, we hold a petitioner can appeal from a trial court's denial of a motion to withdraw a guilty plea even though the court deferred judgment and sentence. However, we find it necessary to revise Rule 1.2(D)(5), *Rules of the Court of Criminal Appeals,* 22 O.S.1991, Ch. 18, App.. Those revisions are listed specifically in a separate order to be published. It is sufficient to summarize them here.

■ After an Order Deferring Imposition of Sentence is entered, a defendant who so wishes can appeal the terms of probation entered as a part of the court's Order. The defendant can also at that time challenge the validity of the underlying plea, if his chal-

---

1. Our observation is strengthened by the absence of the term "conviction" in 22 O.S.1991, § 991c, except as it applies to eligibility for a deferred sentence in subsection (D) of the statute. The statute refers throughout in terms of a court's actions "before a judgment of guilt" or doing something "without entering a judgment of guilt."

lenge is conducted according to Rule 4.1 of this Court's Rules. However, if the defendant undertakes an appeal at this time without challenging the validity of the plea, he waives the opportunity to challenge the validity of that plea at any time in the future, including any appeal he may wish to lodge after his deferred sentence is accelerated.

■ A defendant is under no obligation to enter an appeal after the court's Order is entered. If he does not appeal in the manner listed above after the Order Deferring Imposition of Sentence is entered, he can still appeal in the event his deferred sentence is accelerated. At that time, he can appeal the propriety of the acceleration proceedings. He can also challenge the validity of his underlying plea, if no earlier appeal was filed. All appeals arising from a deferred sentence shall be placed on the Accelerated Docket of this Court. *See* Section XI, *Rules of the Court of Criminal Appeals,* 22 O.S. 1991, Ch. 18, App.

Having thus held Petitioner here can appeal at this time, we now turn to Petitioner's application. We find it to be without merit.

■ Petitioner does not contest the validity of his nolo contendere plea; however, he claims the trial court exceeded its sentencing authority under 991c by sentencing him to a period of deferment in excess of the one-year term of imprisonment; sentencing him to an excessive amount of community service; requiring he forego obtaining a driver's license until his eighteenth birthday; requiring he be supervised for more than one year of his deferment; and requiring his submission to urinalysis testing at any time. We find these requirements do not constitute an abuse of discretion under 991c. Accordingly, neither reversal nor modification of the terms is warranted.

■ Petitioner then claims because he was 16 years old when the crime was committed, he should have remained in the juvenile system. He cites *D.M.T. v. Edmiston,* 560 P.2d 976, 977 (Okl.Cr.1977), and *State v. Gray,* 803 P.2d 718, 720 (Okl.Cr.1990) in support of his argument the district had no jurisdiction to entertain the charges against him and accept his plea.

We first note the Legislature in 1985 amended the statute, specifically making it applicable to any person sixteen years of age or older. *See* 47 O.S.1991, § 11–903. This change effectively overrules *D.M.T.* and *Gray* for the proposition Petitioner now urges. Additionally, 10 O.S.1991, § 1112(a) in the Juvenile Code provides "nothing in this act shall be construed to prevent the exercise of concurrent jurisdiction by another division of the district court ... in cases involving children wherein the child is charged with the violation of a state or municipal traffic law or ordinance." The Legislature made it clear with its amendment to 47 O.S.1991, § 11–903 this provision in the Juvenile Code included the negligent homicide statute—at least for those 16 years and older.

Here, Petitioner was 16 when he committed negligent homicide. Accordingly, he could be charged with negligent homicide, and the court had jurisdiction to entertain his plea.

Accordingly, the judgment of the trial court denying Petitioner's motion to withdraw his plea of **nolo contendere** is **AFFIRMED,** and his application for writ of certiorari is **DENIED.**

**IT IS SO ORDERED.**

/s/ Gary L. Lumpkin
GARY L. LUMPKIN
Presiding Judge

/s/ Charles A. Johnson
Charles A. Johnson,
Vice Presiding Judge

/s/ James F. Lane
James F. Lane,
Judge

Charles S. Chapel
Charles S. Chapel,
Judge

Reta M. Strubhar
Reta M. Strubhar,
Judge