Dear Director Ward,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. When a defendant is sentenced pursuant to 22 O.S. Supp. 2004, § 991c(A)(7) to be supervised in the community for a period not to exceed two years, does a district judge or district attorney have the authority, absent a modification of the order imposing the deferred sentence, to order or request the Oklahoma Department of Corrections to supervise the defendant for a longer period of time?
 2. Does the filing of an Application to Accelerate a Deferred Sentence prior to the termination of the two-year supervision period extend the running of the two-year period of supervision imposed pursuant to 22 O.S. Supp. 2004, § 991c(A)(7)?
¶ 1 Your questions concern the parameters of a deferred sentence imposed upon an offender as a criminal sentencing option upon a plea of guilty or nolo contendere. "In a deferred sentence, the district court retains jurisdiction and only a conditional order, not a judgment and sentence, is entered[.]"Nguyen v. State, 772 P.2d 401, 403 (Okla.Crim. 1989)overruled on other grounds by Gonseth v. State, 871 P.2d 51,54 (Okla.Crim. 1994). "If all the conditions are met at the end of the probation period, the conditional order will be withdrawn, and there would never be a final appealable order entered."Nguyen, 772 P.2d at 403. Title 22 O.S. Supp. 2004, § 991c[22-991c](E) provides that if any condition of the deferred judgment is violated, "the court may enter a judgment of guilt and proceed" with sentencing pursuant to the powers set forth at 22 O.S.Supp. 2004, § 991a[22-991a] "or may modify any condition imposed." Id.
¶ 2 The statute governing deferred sentences, 22 O.S. Supp.2004, § 991c[22-991c], provides, in pertinent part, as follows:
 A. Upon a verdict or plea of guilty or upon a plea of nolo contendere, but before a judgment of guilt, the court may, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings upon the specific conditions prescribed by the court not to exceed a five-year period. The court shall first consider restitution among the various conditions it may prescribe. The court may also consider ordering the defendant to:
. . . .
 7. Be supervised in the community for a period not to exceed two (2) years. As a condition of any supervision, the defendant shall be required to pay a supervision fee of Forty Dollars ($40.00) per month. The supervision fee shall be waived in whole or part by the supervisory agency when the accused is indigent. No person shall be denied supervision based solely on the person's inability to pay a fee;[1]
. . . .
 10. Order any conditions which can be imposed for a suspended sentence pursuant to paragraph 1 of subsection A of Section 991a of this title; or
11. Any combination of the above provisions.
Id. (footnote added).
¶ 3 You ask whether a district judge or district attorney has the authority to order or request the Department of Corrections to continue to supervise offenders after the two-year period of supervision imposed by the court has expired. Your question refers to the situation where the only term of supervision imposed by the court by an order imposing a deferred sentence is the two-year period set forth in Section 991c(A)(7) in Title 22. In the situation you reference, no other terms of supervision apply.
¶ 4 Initially, we caution that a thorough analysis of the terms in the individual offender's "Order Deferring Imposition of Judgment and Sentence" and the "Rules and Conditions" attached thereto must be made before it can be determined that the only supervision ordered is the two-year term of supervision pursuant to Section 991c(A)(7) of Title 22. It is the responsibility of the court to prescribe the specific conditions to be placed upon an offender when deferring proceedings. 22 O.S. Supp. 2004, §991c[22-991c](A). A determination of the terms and conditions placed upon a particular offender requires a review of each individual offender's "Order Deferring Imposition of Judgment and Sentence" and the "Rules and Conditions."
¶ 5 As stated, in accordance with Section 991c(A)(7) of Title 22, a sentencing court may order a defendant to "[b]e supervised in the community for a period not to exceed two (2) years."Id.
This two-year supervision period is absolute, and there are no exceptions in the statute which authorize the Department of Corrections to extend this time once it has been imposed by a court. The only provision in the statutes to modify the terms of the conditional order is where a condition of the deferred judgment is violated. Title 22 O.S. Supp. 2004, § 991c[22-991c](E) provides that if any condition of the deferred judgment is violated "the court may enter a judgment of guilt and proceed as provided in Section 991a of this title or may modify anycondition imposed." Id. (emphasis added). When the plain language of a statute is clear there is no need to resort to rules of statutory construction. Cooper v. Booher,93 P.3d 19, 21 (Okla. 2004). Therefore, we conclude that when an individual offender has been ordered to be supervised in the community for a period not to exceed two years pursuant to 22O.S. Supp. 2004, § 991c[22-991c](A)(7), the Department of Corrections is without authority to supervise the offender beyond the terms of the order.
¶ 6 In a related question, you ask whether the filing of an "Application to Accelerate a Deferred Sentence" extends the running of the two-year period of supervision. We find nothing in the statutes governing deferred sentences which authorize extending the supervisory period based on the filing of an application to accelerate. The Court of Criminal Appeals has held that if an application is filed prior to the end of the term of the deferred sentence, the actual hearing on the application can be held after the term of the deferred sentence has run. Statev. Rodriquez, 547 P.2d 974, 975 (Okla.Crim. 1976). The court held that this gives the court jurisdiction to hear the application. Edwards v. State, 747 P.2d 968, 970 (Okla.Crim. 1987). The court has not held, however, that the filing of the application extends the two-year supervision period.
¶ 7 If the district court finds that a condition of the deferred judgment has been violated, the court may modify any condition imposed. Absent such modification, we are bound by the terms of the statute to conclude that when an offender is ordered by a district court to be supervised for a two-year period pursuant to 22 O.S. Supp. 2004, § 991c[22-991c](A)(7), the Department of Corrections is without authority to supervise the offender beyond the two-year period.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. When an offender is sentenced to a two-year supervisory period pursuant to 22 O.S. Supp. 2004, § 991c(A)(7), neither the court nor a district attorney has the authority to order the Department of Corrections to extend the supervision beyond the terms of the order imposing the deferred sentence.
 2. The filing of an application to accelerate the deferred sentence does not extend the two-year supervisory period imposed pursuant to 22 O.S. Supp. 2004, § 991c(A)(7).
 3. The terms of the order imposing the deferred sentence may be modified if a district court finds that a condition of the deferred sentence has been violated. 22 O.S. Supp. 2004, § 991c(E). Absent such modification, the Department of Corrections is without authority to extend the supervision beyond the terms of the order imposing the deferred sentence.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 SANDRA D. RINEHART Senior Assistant Attorney General
[1] The portion of the statute setting a supervision fee and providing that the offender may be supervised in the community for a period not to exceed two years was added in 1996. See
1996 Okla. Sess. laws ch. 304, § 2(4).