OSCN Found Document:IN RE REVISION OF PORTION OF RULES OF COURT OF CRIMINAL APPEALS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN RE REVISION OF PORTION OF RULES OF COURT OF CRIMINAL APPEALS
2017 OK CR 4
Case Number: CCAD-2017-2
Decided: 02/24/2017
IN RE REVISION OF PORTION OF RULES OF COURT OF CRIMINAL APPEALS

Cite as: 2017 OK CR 4, __ __

 

ORDER REVISING AND REPUBLISHING PORTION
OF THE RULES OF THE COURT OF CRIMINAL APPEALS
¶1 We find that Rule 1.2(D) of the Rules for the Oklahoma Court of Criminal Appeals should be revised to acknowledge the right of appeal this Court recognized in Tate v. State, 2013 OK CR 18, ¶ 20, 313 P.3d 274, 280-81 and corrected to more clearly conform to the holding in Gonseth v. State, 1994 OK CR 9, 871 P.2d 51. Pursuant to the provisions of Section 1051(b) of Title 22 of the Oklahoma Statutes, we hereby revise, adopt, promulgate and republish portions of the Rules of the Oklahoma Court of Criminal Appeals, 22 O.S., Ch. 18, App. (2017), as set forth as follows:


SECTION I. GENERAL RULES OF THE COURT AND DEFINITIONS
Rule 1.2 Methods of Appeal or Review
A. Regular Appeals.


(1) Felony and Misdemeanor Appeals. Sections II, and III of these Rules. Appeals from Municipal Courts of Record, Section 28-128 of Title 11 and Capital Cases, Section 701.13 of Title 21, are included within this class of appeals. PROVIDED HOWEVER, the specific provisions of Sections VII and IX shall control in Juvenile and capital cases, respectively, over the general provisions of Sections II and III.
(2) Certiorari Appeals. Section IV of these Rules.
(3) State or Municipality Appeals. 


(a) Appeals from Adverse Ruling of Magistrate. See Sections VI and XI of these Rules; Sections 1053, 1089.1 through 1089.7 of Title 22.
(b) Appeals in Juvenile and Youthful Offender Cases. See Sections VII and XI of these Rules.
(c) Other State appeals. See Sections II and III of these Rules; Sections 1053 and 1053.1 of Title 22.
(4) Juvenile and Youthful Offender Appeals. Sections VII and XI of these Rules.
(5) Resentencing Appeals. Sections II and III of these Rules for appeals pursuant to Section 929 of Title 22. Sections II, III and IX for appeals pursuant to Sections 701.10a and 701.13 of Title 21. 
(6) Expungement of Records. (22 O.S.Supp.2002 § 19(C), placed jurisdiction for appeals of expungement orders in the Oklahoma Supreme Court). 
B. Original Proceedings. Section X of these Rules.
C. Post-conviction Appeals. Section V of these Rules, and in capital cases the requirements of Section IX. See Sections 1087, 1088.1 and 1089 of Title 22.
D. All Other Appeals


(1) Revocation of Parole. Procedures for review of revocation of parole are governed by the Post-Conviction Procedure Act, Sections 1080 to 1089 of Title 22 and Section V of these Rules.
(2) Bail Pending Trial or Appeal. Excessive bail or denial of bail is governed by habeas corpus proceedings pursuant to Section 1079 of Title 22 and Section X of these Rules.
(3) Disqualification of Judges. Review of failure to disqualify by a judge in a criminal case is governed by Section 1403 of Title 20; Ch. 2, App., Rules 15 for District Court of Oklahoma and 15.1 of Title 12, and Section X of these Rules. See also Code of Judicial Conduct, Ch. 1, App. 4, Title 5.
(4) Revocation of Suspended Sentence. Review of an order revoking a suspended sentence is governed by the same procedure as perfection of a regular misdemeanor or felony appeal. See Section 991(b) of Title 22, and Sections II, and III of these Rules. However, the scope of review is limited to the validity of the revocation order. The appropriate appeal time commences upon imposition of the order revoking suspended sentence. The validity of the predicate conviction can only be appealed through a separate appeal pursuant to the regular felony and misdemeanor procedures of these Rules, Sections II and III, or the certiorari procedure, Section IV of these Rules.
(5) Deferred Judgment and Sentence.


(a) Appeal of Imposition of Order Deferring Judgment and Sentence. See Hausle v. State, 2017 OK CR 5, --- P.3d ---, Gonseth v. Oklahoma, 1994 OK CR 9, 871 P.2d 51, and Lookingbill v. State, 2007 OK CR 7, 157 P.3d 130. 


(i) A defendant may appeal the terms of probation imposed as a part of the Order Deferring Imposition of Judgment and Sentence, separate from or together with the validity of the plea entered at the time the order is entered. Failure to appeal the terms of the Order Deferring Imposition of Judgment and Sentence does not preclude a defendant's right to a certiorari review of the validity of the plea in accordance with this Rule if the order deferring is accelerated at a future date with Judgment and Sentence imposed. 
(ii) A defendant who seeks to only appeal the terms imposed by the trial court as a condition for deferral of Judgment and Sentence may appeal under the Rules for regular misdemeanor or felony appeals. See Sections 1051 and 991c of Title 22; and Sections II, III, and XI of these Rules. The scope of review will be limited to the validity of the conditions of probation set out in the Order Deferring Imposition of Judgment and Sentence.
(iii) A defendant who receives a deferral of Judgment and Sentence after pleading guilty or nolo contendere may (a) challenge the terms of the deferral pursuant to the provisions of a regular appeal, (b) seek to withdraw his or her plea and challenge the validity of the plea of guilty pursuant to the provisions of Rule 4.1, or (c) challenge both such terms and plea, in separate filings., pursuant to the provisions of a regular appeal. Any person wishing to challenge the validity of the plea of guilty must comply with the provisions of Rule 4.1. PROVIDED HOWEVER, failure to challenge the validity of the plea at the same time a defendant appeals the terms of probation imposed by the deferral will constitute a waiver of the right to challenge the plea's validity in any future proceeding. If both a certiorari and a regular appeal are filed, the defendant shall file a notice advising the Court that separate appeals are pending. 
(iv) The appeal time commences upon the imposition of the order deferring Judgment and Sentence.
(b) Acceleration Proceeding. A defendant who wishes to challenge only errors in the acceleration proceeding shall perfect an appeal in accordance with Sections II, and III of these Rules. The appeal time commences upon the imposition of Judgment and Sentence after acceleration of sentencing. The scope of review will be limited to the validity of the acceleration order.
(c) Withdrawal of Plea After Acceleration. In addition to appealing the validity of the acceleration order, a defendant who pled guilty or nolo contendere and seeks to withdraw his plea shall appeal by certiorari pursuant to Section IV of these Rules as a partseparate of the appeal of the validity of the acceleration order; PROVIDED HOWEVER, a defendant who appealed after the order deferring sentence pursuant to Subsection (a) of this Section shall not have the right to challenge the validity of the plea after the order deferring has been accelerated and the Judgment and Sentence has been imposed.
(6) Termination from Drug Court.


(a) Same procedure as appeal from Acceleration of Deferred Sentence set out in paragraph 5(b) above. See Hager v. State, 1999 OK CR 35, ¶12, 990 P.2d 894, 898.
(7) Termination from Mental Health Court.


(a) Same procedure as appeal from Acceleration of Deferred Sentence set out in paragraph 5(b) above. See Tate v. State, 2013 OK CR 18, ¶ 20, 313 P.3d 274, 280-81.
(78) Judgment and Sentence in Contempt Cases Within the Jurisdiction of the Court of Criminal Appeals. Review of the Judgment and Sentence in contempt cases within the jurisdiction of this Court is governed by the Misdemeanor Rules of Sections II, and III of these Rules. See Sections 565-568 of Title 21.
(89) Order of Detention for Non-Payment of Fines or Costs. Review of a final order of detention for a defendant's non-payment of fines, costs, or other assessments ordered paid as part of judgment and sentence is governed by Section VIII of these Rules.
(910) Judicial Review of Prison Disciplinary Proceedings Revoking Earned Credits. Section XV of these Rules governs appeals from a District Court's final order entered pursuant to Section 564.1 of Title 57 upon a Petition for Judicial Review of Prison Disciplinary Proceedings that resulted in Revocation of Earned Credits.
¶2 IT IS THEREFORE ORDERED ADJUDGED AND DECREED that these corrections shall become effective on the date of this order. 
¶3 IT IS SO ORDERED.
WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 24th day of February, 2017.
/S/GARY L. LUMPKIN, Presiding Judge
/S/DAVID B. LEWIS, Vice Presiding Judge
/S/ARLENE JOHNSON, Judge
/S/CLANCY SMITH, Judge
/S/ROBERT HUDSON, Judge
ATTEST:
/s/Michael S. Richie
Clerk




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. Rule 1.2, Methods For Bringing Appeals and Original Actions
Cited


 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.