OSCN Found Document:HAUSLE v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 HAUSLE v. STATE
2017 OK CR 5
Case Number: F-2016-52
Decided: 02/24/2017
TERESA JEAN HAUSLE, Appellant, v. THE STATE OF OKLAHOMA, Appellee.

Cite as: 2017 OK CR 5, __ __

 

ORDER DENYING STATE'S MOTION TO DISMISS DRUG COURT
TERMINATION APPEAL THAT RESULTED IN THE ACCELERATION
OF APPELLANT'S DEFERRED SENTENCING
AND
ORDER MODIFYING PROCEDURES FOR PERFECTING APPEALS
WHERE A DEFERRED SENTENCING IS ACCELERATED AND
AN APPLICATION TO WITHDRAW A PLEA OF GUILTY OR
NOLO CONTENDERE IS DENIED
¶1 On January 28, 2016, Teresa Jean Hausle, Appellant, through counsel, Virginia Sanders of the Oklahoma Indigent Defense System (OIDS), filed a Petition in Error in the above-styled Appellate Case No. F-2016-52. Her Petition asks to appeal a September 21, 2015, order terminating her from the Drug Court program in Seminole County District Court Case No. CF-2014-303, and which termination resulted in the January 7, 2016, imposition of judgments and sentences on two criminal counts to which she had previously entered pleas of guilty.
¶2 Following the filing of the above Petition in Error, Appellant, on March 16, 2016, through OIDS counsel, filed a Petition for Writ of Certiorari in Appellate Case No. C-2016-141. In that Petition, Appellant appeals the above-described convictions as well as a final order pronounced on February 22, 2016, that denied her motion to withdraw the guilty pleas on which her convictions rest.
¶3 Now before this Court is a Motion to Dismiss Appeal filed through the State's counsel, Keeley L. Miller, Assistant Attorney General, on November 2, 2016, in F-2016-52. This Motion contends that Appellant's appeal of the Drug Court termination order as brought within F-2016-52 should now be dismissed because it has not been perfected in the manner required by Rules 1.2(D)(5)(b) and (c) of the Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2016)--rule provisions that have been made applicable to Drug Court termination appeals by this Court's Rule 1.2(D)(6). More specifically, the State's Motion contends that under our Rules, when a defendant chooses to appeal both an order accelerating deferred sentencing, as well as his or her resulting conviction flowing from a plea of guilty or nolo contendere and the order denying the defendant's application to withdraw that plea, then appeal of these final orders and the judgment and sentence is all to be perfected through the filing of a petition for a writ of certiorari.
[1] 
¶4 In Appellant's case however, she has sought to appeal both termination from Drug Court and the resulting order accelerating sentencing through the filing of a separate Petition in Error in F-2016-52, apart from the certiorari appeal in C-2016-141 relating to the denial of her motion to withdraw pleas of guilty. The State therefore contends that Appellant's Petition in Error in F-2016-52, and the appeal that it represents, should be dismissed. 

¶5 We FIND the State's Motion should be denied and Appellant's matter in F-2016-52 should be permitted to proceed. In circumstances such as those occurring here, where a defendant desires to exercise both that right of direct appeal from a final order accelerating deferred sentencing, as well as that right of certiorari appeal from a conviction entered on a plea of guilty or nolo contendere, we find that the better procedure is to follow the procedure envisioned in Gonseth v. State 1994 OK CR 9, 871 P.2d 51 and require the defendant to file separate petitions as Appellant has done. Consequently, in the above-styled cause, and in all subsequent appeals by eligible defendants similarly situated against whom deferred sentencing has been accelerated and who choose to appeal both the final acceleration order and the denial of the application to withdraw the plea, shall henceforth file separately (1) a "Petition in Error" perfecting that right of appeal of the final order terminating probation and accelerating the imposition of judgment and sentence previously deferred,[2] and (2) a "Petition for Writ of Certiorari" perfecting that right of appeal of the order denying a timely application to withdraw a plea of guilty or nolo contendere that resulted in pronouncement of judgment and sentence. This clarification of the procedure for perfecting these types of appeals will be set out in a separate order for publication in revision of our Court's Rules.
¶6 The State's Motion to Dismiss also complains that one or more of the propositions of error raised in the Brief of Appellant in F-2016-52 presents issues that cannot be raised in an appeal of an order accelerating sentencing on termination from Drug Court. The State argues that such propositions of error must instead be raised, if at all, through certiorari appeal proceedings. We note, however, that the State's Motion does not contend that every one of the propositions of error in the Brief of Appellant presents issues outside the scope of an acceleration appeal. As at least one or more of Appellant's propositions of error present issues proper for review in an acceleration appeal, dismissal of this appeal would not be proper. The State's remedy, therefore, is not dismissal but to respond in the context of its Answer Brief to any propositions of error that it believes are beyond the scope of the perfected right of appeal that is before this Court.
¶7 IT IS THEREFORE THE ORDER OF THE COURT that the State's Motion to Dismiss Appeal is DENIED. The State, unless otherwise ordered, shall file its Answer Brief herein within thirty (30) days from the date of this Order.
¶8 IT IS SO ORDERED.
¶9 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 24th day of February, 2017.
/S/GARY L. LUMPKIN, Presiding Judge
/S/DAVID B. LEWIS, Vice Presiding Judge
/S/ARLENE JOHNSON, Judge
/S/CLANCY SMITH, Judge
/S/ROBERT L. HUDSON, Judge
ATTEST:
/s/Michael S. Richie
Clerk 
FOOTNOTES
[1] See Rule 1.2(D)(5)(c) (requiring defendants who wish to appeal their judgment and sentence "[i]n addition to appealing the validity of the acceleration order . . . shall appeal by certiorari pursuant to Section IV of these Rules as a part of the appeal of the validity of the acceleration order." 
[2] Here we note that the time for appeal of a final order of acceleration does not begin until the trial court pronounces judgment and sentence. Rule 1.2(D)(5)(b).




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 9, 871 P.2d 51, GONSETH v. STATE
Discussed