MANN v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MANN v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MANN v. STATE
2022 OK CIV APP 6
Case Number: 118751
Decided: 02/18/2022
Mandate Issued: 03/23/2022
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2022 OK CIV APP 6, __ P.3d __

 
ALYSSA MANN, Plaintiff/Appellee,
v.
STATE OF OKLAHOMA, Defendant/Appellant.
APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, OKLAHOMA
HONORABLE LORI WALKLEY, JUDGE
REVERSED AND REMANDED
Samuel T. Talley, TALLEY CROWDER & TALLEY, Norman, Oklahoma, for Plaintiff/Appellee,
Jessie K. Heidlage, ASSISTANT GENERAL COUNSEL, Oklahoma City, Oklahoma, for Defendant/Appellant.
Bay Mitchell, Vice-Chief Judge:
¶1 Respondent/Appellant Oklahoma State Bureau of Investigation (OSBI) appeals from the trial court's order granting Petitioner/Appellee Alyssa Mann's Petition For Expungement. After de novo review, we find this decision to be unsupported by Oklahoma law, and reverse.
¶2 On June 18, 2014, Mann was arrested and charged with Count 1: possession of a controlled dangerous substance and Count 2: driving under the influence (Case No. 1085). She received a seven-year deferred sentence as to both charges. Count 1 was charged as a felony, but possession of a controlled dangerous substance was later reclassified as a misdemeanor.
¶3 On January 28, 2015, Mann was arrested and charged with Count 1: driving under suspension and Count 2: possession of a controlled dangerous substance (Case No. 129 (also at various times referred to as Case No. 1129). She received a two-year deferred sentence as to both charges.
¶4 On June 1, 2015, Mann was again arrested and charged with Count 1: driving under the influence and Count 2: driving under suspension (Case No. 1023). She received a two-year deferred sentence as to Count 1 and a one-year deferred sentence as to Count 2.
¶5 On June 24, 2020, Mann filed a petition for expungement and/or application for post-conviction relief of Case Nos. 129 and 1023. OSBI objected stating that the seven-year deferred sentence from Case No. 1085 qualified as a pending charge as used in 22 O.S. §18(A)(8), thereby precluding the expungement of Case Nos. 129 and 1023. The district court expunged the cases, and OSBI appealed.
¶6 "The right to expungement of criminal records is governed by statute." V.C.B. v. State, 2020 OK CIV APP 69, ¶6, 480 P.3d 919, 921 (citation omitted). To qualify for an expungement, Mann would have to fall within one of the fifteen categories in 22 O.S. Supp. 2019 §18(A). Mann relies on §18(A)(8) in her petition for expungement. That section states:
A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories: . . . 
8. The person was charged with a misdemeanor, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and at least one (1) year has passed since the charge was dismissed;
(emphasis supplied).
¶7 The issue on appeal is whether the deferred sentence in Case No. 1085 constitutes a pending charge under the statute. Whether a deferred sentence is a "pending charge" as used in 22 O.S. §18(A)(8) presents a question of law. "Questions of law, including the interpretation of statutes, are reviewed de novo. Under this standard, we have plenary, independent and nondeferential authority to determine whether the trial court erred in its legal ruling." Fanning v. Brown, 2004 OK 7, ¶8, 85 P.3d 841, 845 (internal citation omitted).
¶8 A deferred sentence in Oklahoma does not end criminal proceedings. It leaves a charge pending and the defendant remains under indictment until completing the deferred sentence. United States v. Saiz, 797 F.3d 853, 856 (10th Cir. 2015). "In a deferred sentence, the district court retains jurisdiction and only a conditional order, not a judgment and sentence, is entered." Nguyen v. State, 1989 OK CR 6, ¶5, 772 P.2d 401, 403, overruled on other grounds by Gonseth v. State, 1994 OK CR 9, 871 P.2d 51 (holding "[W]hile a deferment is not a conviction in the sense final judgment is entered, it is a final order in the sense the court has the power to enforce its orders upon one who has entered a plea of guilty or nolo contendere in open court.").
¶9 A deferred judgment is just that, deferred. It remains pending until final judgment is entered. After de novo review, we find that Mann's deferred sentence is a pending charge as used in 22 O.S. §18(A)(8), and she did not qualify for expungement. The plain meaning of the terms supports this conclusion. "Pending" is defined as "remaining undecided; awaiting decisions". "Defer" is defined as "to postpone; to delay". And "deferred judgment" means "a judgment placing a convicted defendant on probation, the successful completion of which will prevent entry of the underlying judgment of conviction". Pending, Defer, Deferred Judgment, Black's Law Dictionary (10th ed. 2014).
¶10 On Nov. 23, 2020, Mann filed a petition for expungement of the records related to Case No. 1085. On January 19, 2021, the trial court, with no objections raised, granted the expungement. That order, however, is not involved in this appeal. Mann contends that this case is now moot because Case No. 1085 has been expunged. Appellate courts do not determine abstract, hypothetical, or moot questions, and if a question becomes moot, the proceeding will be dismissed. Traders Compress Co. v. Bd. of Rev., Okl. Emp. Sec. Comm'n, 1950 OK 274, ¶2, 224 P.2d 268, 268.
Oklahoma recognizes two distinct exceptions to the mootness doctrine: 1) when an appeal presents a question of broad public interest, and 2) when the challenged event is capable of repetition, yet evading review. The application of these exceptions by this Court depends on the facts presented and the policy considerations and we will only apply them where the practical considerations indicate that doing so would avoid, rather than prolong confusion. 
Baby F. v. Oklahoma Cty. Dist. Ct., 2015 OK 24, ¶12, 348 P.3d 1080, 1084 (citations omitted). This case is squarely within the second exception to the mootness doctrine. Accordingly, we have addressed the issue to prevent future confusion, as the question of whether a deferred sentence is a pending charge as used in 22 O.S. §18(A)(8) has not been answered by an appellate court in Oklahoma and may continue to evade review.
¶11 REVERSED AND REMANDED
PRINCE, P.J., and SWINTON, J., concur.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1989 OK CR 6, 772 P.2d 401, NGUYEN v. STATE
Discussed
 1994 OK CR 9, 871 P.2d 51, GONSETH v. STATE
Discussed
Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2020 OK CIV APP 69, 480 P.3d 919, V.C.B. v. STATE
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2004 OK 7, 85 P.3d 841, FANNING v. BROWN
Discussed
 2015 OK 24, 348 P.3d 1080, BABY F. v. OKLAHOMA COUNTY DISTRICT COURT
Discussed
 1950 OK 274, 224 P.2d 268, 203 Okla. 564, TRADERS COMPRESS CO. v. BOARD OF REVIEW
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 18, Expungement of Criminal Records
Discussed at Length


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA