MANN v. STATE
2022 OK CIV APP 6
Case Number: 118751
Decided: 02/18/2022
Mandate Issued: 03/23/2022
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2022 OK CIV APP 6, __ P.3d __

 

ALYSSA MANN, Plaintiff/Appellee,
v.
STATE OF OKLAHOMA, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, OKLAHOMA

HONORABLE LORI WALKLEY, JUDGE

REVERSED AND REMANDED

Samuel T. Talley, TALLEY CROWDER & TALLEY, Norman, Oklahoma, for Plaintiff/Appellee,

Jessie K. Heidlage, ASSISTANT GENERAL COUNSEL, Oklahoma City, Oklahoma, for Defendant/Appellant.

Bay Mitchell, Vice-Chief Judge:

¶1 Respondent/Appellant Oklahoma State Bureau of Investigation (OSBI) appeals from the trial court's order granting Petitioner/Appellee Alyssa Mann's Petition For Expungement. After de novo review, we find this decision to be unsupported by Oklahoma law, and reverse.

¶2 On June 18, 2014, Mann was arrested and charged with Count 1: possession of a controlled dangerous substance and Count 2: driving under the influence (Case No. 1085). She received a seven-year deferred sentence as to both charges. Count 1 was charged as a felony, but possession of a controlled dangerous substance was later reclassified as a misdemeanor.

¶3 On January 28, 2015, Mann was arrested and charged with Count 1: driving under suspension and Count 2: possession of a controlled dangerous substance (Case No. 129 (also at various times referred to as Case No. 1129). She received a two-year deferred sentence as to both charges.

¶4 On June 1, 2015, Mann was again arrested and charged with Count 1: driving under the influence and Count 2: driving under suspension (Case No. 1023). She received a two-year deferred sentence as to Count 1 and a one-year deferred sentence as to Count 2.

¶5 On June 24, 2020, Mann filed a petition for expungement and/or application for post-conviction relief of Case Nos. 129 and 1023. OSBI objected stating that the seven-year deferred sentence from Case No. 1085 qualified as a pending charge as used in 22 O.S. §18

¶6 "The right to expungement of criminal records is governed by statute." V.C.B. v. State, 2020 OK CIV APP 69480 P.3d 91922 O.S. Supp. 2019 §18

A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories: . . .
8. The person was charged with a misdemeanor, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and at least one (1) year has passed since the charge was dismissed;

(emphasis supplied).

¶7 The issue on appeal is whether the deferred sentence in Case No. 1085 constitutes a pending charge under the statute. Whether a deferred sentence is a "pending charge" as used in 22 O.S. §18de novo. Under this standard, we have plenary, independent and nondeferential authority to determine whether the trial court erred in its legal ruling." Fanning v. Brown, 2004 OK 785 P.3d 841

¶8 A deferred sentence in Oklahoma does not end criminal proceedings. It leaves a charge pending and the defendant remains under indictment until completing the deferred sentence. United States v. Saiz, 797 F.3d 853, 856 (10th Cir. 2015). "In a deferred sentence, the district court retains jurisdiction and only a conditional order, not a judgment and sentence, is entered." Nguyen v. State, 1989 OK CR 6772 P.2d 401 overruled on other grounds by Gonseth v. State, 1994 OK CR 9871 P.2d 51

¶9 A deferred judgment is just that, deferred. It remains pending until final judgment is entered. After de novo review, we find that Mann's deferred sentence is a pending charge as used in 22 O.S. §18

¶10 On Nov. 23, 2020, Mann filed a petition for expungement of the records related to Case No. 1085. On January 19, 2021, the trial court, with no objections raised, granted the expungement. That order, however, is not involved in this appeal. Mann contends that this case is now moot because Case No. 1085 has been expunged. Appellate courts do not determine abstract, hypothetical, or moot questions, and if a question becomes moot, the proceeding will be dismissed. Traders Compress Co. v. Bd. of Rev., Okl. Emp. Sec. Comm'n, 1950 OK 274224 P.2d 268

Oklahoma recognizes two distinct exceptions to the mootness doctrine: 1) when an appeal presents a question of broad public interest, and 2) when the challenged event is capable of repetition, yet evading review. The application of these exceptions by this Court depends on the facts presented and the policy considerations and we will only apply them where the practical considerations indicate that doing so would avoid, rather than prolong confusion.

Baby F. v. Oklahoma Cty. Dist. Ct., 2015 OK 24348 P.3d 108022 O.S. §18

¶11 REVERSED AND REMANDED

PRINCE, P.J., and SWINTON, J., concur.